IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **NICKOLAS MELLS #82279-080** | § |
| | § |
| V. | §   A-07-CA-689-SS |
| | § |
| **WARDEN LUNA,** | § |
| **CAPTAIN HENDERSON, CAMP** | § |
| **ADMINISTRATOR HARRIS, ANNA** | § |
| **ARMIJO CAMP UNIT MANAGER,** | § |
| **J.R. (RED) EBERLE JR. FOREMAN,** | § |
| **E. (CHUCKY) CHAMBLIN STAFF** | § |
| **OFFICER, FOOD SERVICE** | § |
| **ADMINISTRATOR BRANFORD,** | § |
| **and CHAPLAIN WELCH** | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's amended civil rights complaint (Document No. 20); Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Document No. 51); and Plaintiff's response thereto (Document No. 56). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

**I. BACKGROUND**

When Plaintiff's original pleading was received by the Court, it was construed as an application for habeas corpus relief pursuant to 28 U.S.C. § 2241. The only relief Plaintiff requested

in his original pleading was to be released from administrative detention. Subsequently, Plaintiff obtained leave of court to amend his pleading to add several defendants and claims for monetary relief. At that time the Clerk of the Court was directed to convert Plaintiff's action to a civil rights lawsuit. The Court construes Plaintiff's amended complaint as a lawsuit brought pursuant to <u>Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971).

In his amended complaint Plaintiff alleges he arrived at the FCI Bastrop Camp on or about July 17, 2007. Plaintiff asserts he filed a BP 8 with his camp counselor on July 30 or 31, 2007, regarding his religious diet. On August 2, 2007, Plaintiff allegedly filed an additional BP 8 against his unit manager for not letting him make a phone call to his attorney and for not following up on the transfer of his funds from the McLennan County Detention Center. Plaintiff asserts on August 2, 2007, he was transferred from FCI Bastrop Camp to FCI Bastrop Low and placed in administrative detention.

Plaintiff alleges Warden Luna and his staff violated Plaintiff's First Amendment rights by not following the Bureau of Prisons' prison dietary practice in that there is no kosher kitchen. He further alleges Warden Luna favors other religions over the Muslim faith. Plaintiff also alleges violations of the Religious Land Use and Institutionalized Persons Act of 2000. Plaintiff also complains he was confined in segregated housing for 22 days when this was not ordered by the disciplinary committee. Plaintiff alleges Camp Administrator Harris, Captain Henderson, and Camp Unit Manager Armijo violated Plaintiff's due process rights by putting a management variable on Plaintiff and then transferring him to FCI Bastrop Low. Plaintiff contends this was in retaliation for

filing a BP 8 against his unit manager. He further contends false disciplinary reports were filed against him in retaliation for filing grievances.

Defendants move to dismiss Plaintiff's claims, arguing he failed to exhaust his administrative remedies. According to Defendants, Plaintiff filed an appeal to the warden with regard to the incident reports filed against him. However, they assert he did not further pursue his grievance or exhaust the grievance procedure regarding the other claims made by Plaintiff.

Defendants also argue sovereign immunity bars any constitutional claims against the defendants in their official capacities and qualified immunity bars Plaintiff's claims against them in their official capacities. In addition, Defendant Luna asserts he was not personally involved in the alleged constitutional violations. Defendants finally argue Plaintiff's claims are simply without merit.

## II. ANALYSIS

A.      Exhaustion of Administrative Remedies

Plaintiff has not exhausted his administrative remedies. The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003); Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739, 741 n. 6, 121 S. Ct. 1819 (2001). Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." Underwood, 151 F.3d at 294.

Since the amendment of § 1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (stating "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems") (footnote omitted). On the other hand, the Fifth Circuit has also stated the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998).

The Supreme Court has made clear "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." Booth, 532 U.S. at 741, 121 S. Ct. at 1825, n.6. Additionally, the Supreme Court has held the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

The Federal Bureau of Prisons, which administers the prison in which Plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still

unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

Plaintiff has not completed the grievance system with respect to any of his claims. As noted previously, the Court received Plaintiff's initial complaint on August 10, 2007, less than a month after the incidents of which he complains. Plaintiff simply tried to bypass the Bureau of Prison's grievance procedures and file his claims directly with the Court.

### III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint for failure to exhaust his administrative remedies.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct.

466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of April, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE